IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MAGGEN BRONSON,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DISMISSING MOTION FOR MISCELLANEOUS RELIEF<br><br><br><br>Case No. 2:10-CR-1071 TS |

This matter is before the Court on a Motion filed by Defendant. In her Motion, Defendant takes issue with how the Bureau of Prisons ("BOP") has calculated her sentence.

I. BACKGROUND

Defendant was sentenced in this matter on April 6, 2011. Defendant was ordered to serve 6 months in the custody of the BOP. This sentence as ordered to run concurrent to her state sentence. In the instant Motion, Defendant indicates that she completed her state sentence and has been released to BOP custody. Defendant argues that she should have completed her federal sentence in June 2011, but the BOP has incorrectly calculated her release date as October 2011.

1

## II. DISCUSSION

"After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence."[1] A prisoner challenging the calculation of a particular sentence must do so by filing a Petitioner for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, in the district in which the prisoner is confined.[2] Before doing so, however, the prisoner must exhaust her administrative remedies.

Based on the above, the Court does not have the authority to grant Defendant the relief she seeks. Rather, she must exhaust her administrative remedies with the BOP and, if still unsatisfied, she may file a § 2241 Petition in the district in which she is confined. The Court does wish to reiterate, however, that it was its intention, as is reflected in the Judgment, that Defendant's federal sentence run concurrent to her state sentence.

## III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Miscellaneous Relief (Docket No. 30) is DENIED without prejudice.

---

[1] *United States v. Wilson*, 503 U.S. 329, 335 (1992).

[2] *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) ("[A] petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined.").

DATED July 11, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge